UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES J. MORALES,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | No. EDCV 06-00959 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Charles J. Morales ("Morales") filed a Complaint on August 30, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 29 and April 3, 2007. Morales filed a motion for summary judgment on March 12, 2007. The Commissioner filed a motion for summary judgment on April 4, 2007. The Commissioner filed the certified administrative record ("AR"). The Court has taken the motions under submission without oral argument.

Having reviewed the entire file, the Court reverses the decision of the Commissioner and remands for proceedings consistent with this opinion and order.

///

///

# I.

## PROCEDURAL BACKGROUND

On March 3, 2004, Morales filed an application for Supplemental Security Income benefits. A.R. 11. The Commissioner denied the applications initially and upon reconsideration, and Morales requested a hearing. *Id.* The Administrative Law Judge ("ALJ") conducted a hearing on January 25, 2006. A.R. 420-49. On April 12, 2006, the ALJ issued a decision denying benefits. A.R. 11-16. The ALJ concluded that Morales "is not disabled within the meaning of the Social Security Act." *Id.* at 11.

Morales filed a request for review of the ALJ decision. A.R. 6-7. On April 6, 2006, the Appeals Council denied the request for review. A.R. 3-5. This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///

///

# III.

# EVALUATION OF DISABILITY

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

Morales contends that the ALJ did not consider all of the available medical evidence in assessing Morales' residual functional capacity (RFC) and did not properly assess Morales' credibility.

## B. Consideration of All Medical Records

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations.

The Commissioner is required to assess whether a claimant has the ability to work on a sustained basis. *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); 20 C.F.R. § 404.1512(a). "[O]ccasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995).

"Because the ALJ's evaluation of residual functional capacity failed to address claimant's ability to undertake sustained work activity, his analysis did not comport with the Social Security Administration's regulatory requirements." *Reddick*, 157 F.3d at 724. The ALJ's findings do not take into account the treating medical records, which show **recurrent** pancreatitis, pancreatic cysts, and diabetic cysts requiring numerous

hospitalizations or other treatments during 2004-2005.  The ALJ did not examine whether Morales is capable of sustained work given his medical conditions as set forth in the treating medical records.

The medical records indicate that Morales has had repeated growths of diabetic cysts on his buttocks, shoulder and neck.  Morales was treated for recurring diabetic cysts on his buttocks on 1/28/05 (buttocks), 4/24/05 (back), 6/16/05 (buttocks and shoulder), 6/18/05 (buttocks), 6/21/05 (buttocks), 6/24/05 (buttocks), 8/24/05 (buttocks with blisters), 9/20/05 (buttocks, draining for 2 days), and 9/23/05 (buttocks).  A.R. 389-94, 407-16.  These cysts cause sharp pain at a level of 8-10 out of 10, made "worse by sitting," "hurts to sit."  *See* A.R. 314-16, 324, 391, 393, 415.  In this time frame, Morales was also treated for upper respiratory infection on 6/29/05.  A.R. 404-05.  At the hearing on January 25, 2006, Morales testified that cysts on his buttocks are painful when they occur, and that he had new cysts on his neck.  A.R. 434-35.

The last medical record on 10/23/05 records that Morales is "obese," weighing over 200 pounds.  A.R. 380.  The ALJ does not examine obesity or its possible interactive effects on Morales' ability to do sedentary work in combination with diabetic cysts.  *See Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003).

The treating medical records also indicate that Morales had recurrent pancreatitis, the growth of pancreatic cysts, and GERD.  Morales was hospitalized at Kaiser Fontana Medical Center during the period 1/11/04–2/24/04 for pancreatitis.  During his hospitalization, Morales was intubated for respiratory distress and developed renal failure.  A.R. 145-47.  After recovering and being released, Morales was treated for pancreatitis again on 3/5/04.  A.R. 372-74.  Morales was admitted to Arrowhead Regional Medical Center on 3/30/04 with sharp pain at a level of 10/10.  Although Morales had a pancreatic cyst at 6.8 cm, he was treated with medications.  Morales stated "he feels ready to go home" and was discharged on 4/16/04.  A.R. 354-57, 360.  Shortly thereafter, Morales was readmitted on 4/20/04 with pain at a level of 10/10 with nausea and vomiting.  Although initially treated with medications again, the cyst grew

from 8 cm on 4/20/04 to 10cm on 5/6/04. Morales was taken to the OR for a cyst gastrostomy on 5/7/04 and discharged on 5/10/04. A.R. 329-30. Morales later experienced abdominal pain on 4/13/05, 10/17/05, and 10/22/05. A.R. 308-10, 318-20, 380-81.

On remand, the ALJ should address the treating medical records under the governing legal standards. A treating physician's opinion is entitled to greater weight because "'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). However, the ALJ may reject the treating physician's opinion, whether or not that opinion is contradicted, as to the existence of an impairment or the ultimate determination of disability. *Id.*; *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "To reject the opinion of a treating physician which conflicts with that of an examining physician, the ALJ must "'make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.""" *Magallanes*, 881 F.2d at 751; *Bayliss*, 427 F.3d at 1216.

In rejecting a treating physician's medical records, the ALJ need not recite any particular "incantation" or phrase. *Magallanes*, 881 F.2d at 755. However, the ALJ must satisfy his burden by "'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Id.* (citations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted). Failure to do so is insufficient. *See Auckland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001) (ALJ's conclusory statements not sufficient).

///

Consideration of treating medical records is not cured by citation to a consultative examining physician (Dr. Nassar). Dr. Nassar did not examine the treating medical records, with one exception not relevant here. A.R. 276. Dr. Nassar reported that Morales had no past surgeries (A.R. 277), whereas the medical records indicate that Morales had a cyst gastrostomy earlier that same month. A.R. 329-30, 335-36. Moreover, Dr. Nassar did not take into account how often Morales would be absent from work.

Consideration of treating medical records is not cured by citation to nonexamining physicians, Dr. Brodsky (A.R. 300-07) and Dr. Wong (A.R. 298-99). Opinions of a nonexamining physician may serve as substantial evidence "when it 'is not contradicted by *all other evidence* in the record'" and "when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (emphasis in original) (citation omitted). Neither physician considered the key question of whether Morales was capable of sustained work or how often Morales would have to be absent from work.

Consideration of the treating medical records may affect the remaining steps in the sequential analysis. If the proceedings on remand lead to a change in the RFC determination, the rest of the sequential analysis may have to be adjusted as well. *See Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (analysis improperly excluded claimant's inability to attend work regularly or work 40 hours per week).

**B.    ALJ's Assessment of Credibility**

"[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to concude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958. Where a claimant produces objective medical evidence of an impairment or combination of impairments that could reasonably be expected to produce pain or other symptoms, and there is no affirmative evidence of malingering, an ALJ who disbelieves a claimant's pain or symptom testimony must provide clear and convincing reasons by specifically identifying what testimony is not

credible and what evidence undermines the claimant's complaints.  *Lester*, 81 F.3d at 834.  An ALJ may not require the severity of pain to be corroborated by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc).  "It is reversible as a matter of law to discredit excess pain testimony only because the medical evidence does not fully establish that level of pain."  *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).

     "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."  *Thomas,* 278 F.3d at 959; *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

     On remand, consideration of the treating medical records and examination of whether Morales is able to undertake sustained work activity may affect the ALJ's assessment of Morales' credibility.  In any event, the ALJ should consider whether the objective medical evidence indicates an impairment, or combination of impairments, "that could reasonably be expected to produce the pain'" or other symptoms.  *Hammock*, 879 F.2d at 502 (citation omitted).  The ALJ should identify what testimony he finds not credible and what evidence undermines Morales' testimony.

## IV.
## **CONCLUSION**

     IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for proceedings consistent with this opinion and order.

     IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 17, 2007

                                  ALICIA G. ROSENBERG
                                  UNITED STATES MAGISTRATE JUDGE